Filed 9/18/24  P. v. Casillas CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335675 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA150429-01) |
| v. | |
| DAVID CASILLAS, | |
| Defendant and Appellant. | |

APPEAL from a final judgment of the Superior Court of Los Angeles County.  Teresa P. Magno, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

David Casillas's appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Finding no arguable issues, we affirm.

In January 2020, the prosecution charged Casillas with second degree robbery (Pen. Code, § 211), criminal threats

(Pen. Code, § 422, subd. (a)), assault likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), and misdemeanor child abuse (Pen. Code, § 273a, subd. (b)).

On August 24, 2020, Casillas pled no contest to second degree robbery and assault likely to produce great bodily injury. The plea's disposition included five years of probation. Casillas was to complete a one-year residential mental health treatment program and pay restitution. If Casillas completed the mental health treatment program and did not commit further crimes, the court would dismiss the robbery charge.

Prior to sentencing, the trial court conducted multiple hearings where the court granted Casillas's requests to continue probation and sentencing. On May 18, 2022, prior to being sentenced, Casillas petitioned for diversion under Penal Code section 1001.36. Then, at a hearing on February 16, 2023, Casillas's defense counsel asked the court to declare a doubt regarding Casillas's competency. At that hearing, the trial court declared a doubt under Penal Code section 1368 and suspended the proceedings.

On July 13, 2023, the trial court found Casillas's competency had been restored. On September 12, 2023, the court conducted the sentencing hearing. The court placed Casillas on probation for three years, ordered him to pay restitution, and ordered him to serve 365 days in a residential treatment program, among other conditions.

Because the case did not go to trial, we describe the preliminary hearing to provide some context. At this hearing, the prosecution presented evidence that Casillas stole a backpack, twice struck a clerk knocking her to the ground, dragged her outside by her hair when she was on the ground, and threatened

2

to kill her.  A 13 year-old minor attempted to intervene, and Casillas pushed her.  Another person tackled and wrestled Casillas, and Casillas scratched this man's face.

Casillas timely appealed.  We appointed appellate counsel for Casillas.  After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record under *Wende, supra*, 25 Cal.3d 436.  On June 27, 2024, we advised Casillas that he had 30 days to submit a supplemental brief stating any grounds for appeal or arguments he wished for this court to consider.  Casillas did not submit a supplemental brief.

We have examined the record and are satisfied Casillas's appellate attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende, supra*, 25 Cal.3d at p. 441.)

### DISPOSITION
The judgment is affirmed.


VIRAMONTES, J.

WE CONCUR:


GRIMES, Acting P. J.


WILEY, J.

3